```
UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND
- - - - - - - - - - - - - - - - - -x
In re:                              :

ARNOLD KILBERG                      :    BK No. 04-10632
          Debtor                         Chapter 7

JOSEPH M. DIORIO, Chapter 7 Trustee:
          Plaintiff
v.                                  :    A.P. No. 05-1011

56 ASSOCIATES, a Rhode Island       :
Limited Liability Partnership, and
57 ASSOCIATES, a Partnership        :
          Defendants
- - - - - - - - - - - - - - - - - -x
```

**DECISION AND ORDER (1) DENYING DEFENDANTS' MOTION TO COMPEL, and (2) GRANTING PLAINTIFF/TRUSTEE'S MOTION TO DISMISS DEFENDANTS' COUNTERCLAIM**

APPEARANCES:

    Joseph M. DiOrio, Esq.
    Chapter 7 Trustee/Plaintiff
    Law Office of Joseph M. DiOrio, Inc.
    10 Dorrance Street, Suite 1200
    Providence, Rhode Island 02903

    Michael A. Kelly, Esq.
    Attorney for Defendants
    55 Pine Street, 5th floor
    Providence, Rhode Island 02903

BEFORE ARTHUR N. VOTOLATO, United States Bankruptcy Judge

BK No. 04-10632; AP No. 05-1011

Heard on: (1) the motion of 56 Associates, L.P. and 57 Associates, L.P. ("Associates"), to compel the Plaintiff/Trustee (Trustee) to execute a lease on commercial property in Providence, Rhode Island (the Property); and (2) the Trustee's motion to dismiss counts I and II of the Defendants' counterclaim. After the parties presented only legal arguments, the Court took evidence to hear what the experts had to say. For the reasons set forth below, Associates' motion to compel is DENIED and the Trustee's motion to dismiss is GRANTED.

## BACKGROUND

The Trustee owns a one-half interest as tenants in common with the Defendants, who each own one-quarter interests in the Property which the Trustee seeks to sell via this adversary proceeding, pursuant to 11 U.S.C. § 363(h). The Defendants objected to the Trustee's proposed sale of the Property, and filed a two-part counterclaim. The first count seeks damages for the Trustee's alleged "intentional and malicious" interference with a lease negotiated by Defendants, and count two seeks an order compelling the Trustee to execute said lease. The Trustee requests dismissal of the counterclaims under Fed. R. Civ. P. 12(b)(6), on the ground that the execution of the proposed lease, based upon his business judgment, would not be in the best interest of the estate.

1

BK No. 04-10632; AP No. 05-1011

**DISCUSSION**

The Court heard testimony of Associates' expert, Joseph Paolino, Sr., who also is a principal of both of the Defendant partnerships. Mr. Paolino, who has many years of business experience, with ownership interest in hundreds of properties, testified that he has negotiated a lease on the first floor of the Property for a term of five years at $5,000 per month, or $26.50 per square foot. Based on his knowledge of the Property and his many years of experience, Mr. Paolino said that this is the best lease available, and that "some rent is better than no rent" for property which is currently producing no income. On cross examination Mr. Paolino conceded that the Defendants' (i.e., his) tax basis in the Property is zero, and that a sale of the Property would generate a substantial capital gain liability for the Defendants.

The Court also heard from the Trustee's expert, William F. Greene, a partner in the real estate brokerage firm Hayes & Sherry, which does substantial business on Providence's East Side. Mr. Greene testified that based upon his experience procuring leases on properties similar to, and in the area of the subject, and especially its proximity to Brown University, the fair market rent for the space in question is $40 per square foot. He also

                              BK No. 04-10632; AP No. 05-1011

testified that if the Trustee entered into the proposed lease, the value of the Property would be adversely affected by the proposed below market lease.

Upon consideration of the evidence and the arguments, I find that the Trustee's refusal to enter into the lease proposed by the Defendants is a reasonable and in fact a prudent exercise of his business judgment.  I also agree that if he entered into the proposed lease, the Trustee would substantially impair the market value of the property for its highest and best use.  It is also obvious and understandable for capital gain tax reasons, that Mr. Paolino does not want the property sold.  Accordingly, Associates' motion to compel is DENIED.

Additionally, the Trustee requests dismissal of the two counts raised in Associates' Counterclaim, for failure to state a claim upon which relief can be granted.  Fed. R. Bankr. P. 7012 provides that such motions should be denied "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  For the reasons argued by the Trustee on the record and in his motion, Document No. 21, which are adopted and incorporated herein by reference, and because I have already ruled that the Trustee's refusal to execute the proposed lease is

3

BK No. 04-10632; AP No. 05-1011

a valid exercise of his business judgement, the Trustee's motion to dismiss Associates' counterclaim is GRANTED.

Dated at Providence, Rhode Island, this 3rd day of February, 2006.

_Arthur N. Votolato_
Arthur N. Votolato
U.S. Bankruptcy Judge

Entered on docket: 2/3/2006