```
UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND
- - - - - - - - - - - - - - - - - -x
In re:                              :

ARNOLD KILBERG                      :    BK No. 04-10632
          Debtor                              Chapter 7
                                    :
JOSEPH M. DIORIO, CHAPTER 7 TRUSTEE
OF ARNOLD KILBERG                   :
          Plaintiff
v.                                  :    A.P. No. 05-1011

56 ASSOCIATES, a Rhode Island       :
Limited Liability Partnership, and
57 ASSOCIATES, a Rhode Island       :
Limited Liability Partnership
          Defendants
- - - - - - - - - - - - - - - - - -x
```

**ORDER GRANTING TRUSTEE'S REQUEST TO CONDUCT A § 363(h) SALE**

APPEARANCES:

    Joseph M. DiOrio, Esq.
    Attorney for Plaintiff
    LAW OFFICE OF JOSEPH M. DiORIO, INC.
    10 Dorrance Street, Suite 1200
    Providence, Rhode Island 02903

    William J. Delaney, Esq.
    Attorney for Defendants
    TILLINGHAST LICHT LLP
    Ten Weybosset Street
    Providence, Rhode Island 02903

**BEFORE ARTHUR N. VOTOLATO, United States Bankruptcy Judge**

BK No. 04-10632; AP No. 05-1011

The Trustee wishes to sell the entire fee simple interest, pursuant to 11 U.S.C. § 363(h), in real estate at 165 Angell Street, Providence, Rhode Island (the Property), in which the Trustee and the Defendants are co-owners. Based upon the evidence and the entire record in this proceeding, and for the reasons argued by the Trustee on May 7, 2007, which we adopt and incorporate herein by reference as our findings of fact and conclusions of law, the relief requested by the Trustee is GRANTED. The Defendants' arguments in opposition are all without merit, they are rejected, and the Trustee is authorized to sell the estate's 50% interest in the property free of the respective 25% interests of 56 Associates, LLP, and 57 Associates, LLP. In addition to the reasons advanced by the Trustee, we add the following in support of this decision:

Section 363(h) authorizes the sale of property in which the estate owns less than a 100% interest, over a co-owner's objection, if certain conditions are met. *See Gray v. Burke* (*In re Coletta Bros.*), 172 B.R. 159, 164 (Bankr. D. Mass. 1994):

> (1) that partition in kind of such property among the estate and such co-owners is impracticable;
>
> (2) that the sale of the estate's undivided interest in such property would realize significantly less for the

1

BK No. 04-10632; AP No. 05-1011

estate than sale of such property free of the interests of such co-owners;

(3) that the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and

(4) that such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

11 U.S.C. § 363(h).

Pursuant to the Joint Pre-Trial Order filed by the parties, elements 1 and 4 have been satisfied. As to the first element, the parties stipulate that: "Partition in kind by subdivision of the Property into separate and distinct lots is impracticable." Joint Pre-Trial Order, Doc. No. 119, p. 2, ¶ j. While this stipulation should end any discussion of item No. (1), the Defendants argue, nevertheless, that partition in kind is practicable because the building can be converted into condominiums. To begin with, the argument contradicts the agreed facts in the Join Pre-Trial Order. However, overindulging the Defendants and addressing their argument on the merits, it still is rejected. The Plaintiff's valuation expert, Peter Scotti, testified convincingly that although conversion to condominium

2

BK No. 04-10632; AP No. 05-1011

units is physically *possible*, doing so would not result in the highest and best use of the property, i.e., selling individual condominium units over time would produce significantly fewer net dollars than by marketing the property as it currently exists – as a single parcel, best suited for mixed use.  Scotti also stated that his calculations do not even include the costs required to do a condominium conversion, and with that dollar item added into the equation the net profit from the sale of individual condominium units makes even less economic sense.  There is no competent evidence to contradict Scotti's conclusions. Given the significant negative impact that condominium conversion would have on the value of the property, I find that route is not a reasonable alternative, and the first element of Section 363(h) is resolved in favor of the Trustee.

The Trustee has clearly met his burden regarding the second element – i.e., that the sale of only the Trustee's one-half interest would yield significantly less for the estate than a sale of the whole property.  The Defendants argue that there is no evidence in the record regarding the value of the estate's one-half interest.  I disagree.  On that issue, we have the best evidence possible – Brown University, the most logical and the *only* known interested party, on September 9, 2006, offered the Trustee $650,000 for the estate's one-half interest, but after conducting

3

BK No. 04-10632; AP No. 05-1011

its due diligence, decided not to purchase the Trustee's fractional interest.  Based on the Brown University experience, together with the absence of any other offers for a fractional share, I find that the value of the estate's one-half interest in this property is less than $650,000.  Couple this with the fact that the Defendants' own expert testified that the value of the entire property exceeds $2.2 million, and the math is quite revealing.  The uncontradicted evidence is that the estate could receive as much as $450,000 more for its interest by selling the whole, so the Trustee easily satisfies this element.  Although Mr. Paolino persistently objects to the Trustee's recommendation, it should not be forgotten that any financial benefit resulting from a § 363 sale will inure equally to his benefit.

The third element involves a balancing of harm test, i.e., the benefit to the movant of selling the whole must outweigh the harm, if any, to the co-owner.  Again, I find that the Trustee has easily met his burden.  The harm alleged by the Defendants is that a sale of their interest will result in substantial capital gains, which will trigger a large tax liability.  Joseph Paolino, Sr., the principal of the Defendant LLPs, and a virtual icon in the Providence real estate market who makes his living buying, selling, renting, developing, etc., acknowledged that selling real estate for profit is a good thing.  He is also familiar with so-called IRS

Case 1:05-ap-01011   Doc 127   Filed 06/14/07   Entered 06/14/07 13:43:00   Desc Main
                          Document      Page 6 of 7

BK No. 04-10632; AP No. 05-1011

Code "1031 exchanges" which allow investors to buy and sell property without incurring capital gain tax liability.  In fact, his limited liability partnerships (the Defendants) actually purchased their present interest in the subject property through just such a tax deferred exchange.  Because Mr. Paolino, for reasons of nostalgia or whatever, chooses not to avail himself of the benefits of Section 1031 of the Internal Revenue Code, does not equate to *harm* under Section 363(h).  Based upon the entire record in this lengthy and contentious dispute, I find that the benefit of a sale of the entire Angel Street property as a single entity will outweigh the harm, if any, to the co-owners.

    Finally, as to the fourth element, the parties stipulated in the Joint Pre-Trial Order that: "The Property is not used in the production, transmission, or distribution for sale of electric energy or of natural or synthetic gas for heat, light or power." Joint Pre-Trial Order, Doc. No. 119, p. 2, ¶ I.

    Accordingly, in light of the foregoing discussion, the Trustee is authorized to sell 165 Angell Street free of the interests of the Defendant co-owners.

    As an accommodation to them I will assume that the Defendants have filed a Motion for Stay Pending Appeal, and DENY the same on the ground that the Defendants have not established a basis for obtaining a Temporary Restraining Order.  *In re Public Service Co.*,

BK No. 04-10632; AP No. 05-1011

116 B.R. 347, 348 (Bankr. D.N.H. 1990). This will save the Defendants time (which equals legal fees), and at least one step in the appeal process. If they decide to take that route, they may request such relief from the District Court.

Enter judgment consistent with this Order.

Dated at Providence, Rhode Island, this 14th day of June, 2007.

*Arthur N. Votolato*
Arthur N. Votolato
U.S. Bankruptcy Judge

Entered on docket: 6/14/2007