```
UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND
- - - - - - - - - - - - - - - - - -x
In re:                             :

ARNOLD KILBERG                     :    BK No. 04-10632
         Debtor                         Chapter 7
                                   :
JOSEPH M. DIORIO, CHAPTER 7 TRUSTEE
OF ARNOLD KILBERG                  :
         Plaintiff
v.                                 :    A.P. No. 05-1011

56 ASSOCIATES, a Rhode Island      :
Limited Liability Partnership, and
57 ASSOCIATES, a Rhode Island      :
Limited Liability Partnership
         Defendants
- - - - - - - - - - - - - - - - - -x
```

## ORDER

On June 14, 2007, the Trustee was authorized to conduct a § 363(h) sale of the property (Doc. No. 127). The Defendants have appealed the Order, and a stay of said order, pending appeal, has not been granted. In connection with his duties as Trustee, including the liquidation of the Debtor's assets, Mr. DiOrio has alleged and clearly established that the Defendants have intentionally interfered with and hindered the Trustee in his efforts to adequately market the property.

Upon consideration of the allegations in the motion, the evidence, and arguments presented at the hearing on the Trustee's Motion to Compel access to the 165 Angell Street property, I find and conclude that the estate should not have to bear the costs of this frivolous and unnecessary litigation.

The Defendants, who are the property managers of the premises receive management fees of at least 10% of the gross rents for

BK No. 04-10632; AP No. 05-1011

their services.  As such, they are required to provide and coordinate access for the co-owner to show the property to prospective purchasers and tenants, without imposing arbitrary and obstructionist conditions.  In the circumstances, the Trustee had no alternative but to file and prosecute the instant motion to gain appropriate access to the premises.  Accordingly, he is awarded his costs and fees for having to prepare and file the motion, and to litigate the June 27, 2007, hearing, which was terminated sua sponte by the Court after it became obvious that the Defendants were just wasting time.  Upon receipt of the Trustee's bill for services herein, the Defendant shall pay the same *forthwith* to the Trustee, or file an objection and memorandum detailing why such fees and costs are unreasonable.

    Dated at Providence, Rhode Island, this   29th    day of June, 2007.

                                              Arthur N. Votolato
                                              U.S. Bankruptcy Judge

Entered on docket: 6/29/2007